MEMORANDUM **
Leonidas Reyes Paz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008), and we review de novo due process claims, Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir.2006). We deny the petition for review.
The BIA did not abuse its discretion in denying Reyes Paz’s motion to reopen as untimely because it was filed almost two years after the BIA issued its final order, see 8 C.F.R. § 1003.2(c)(2), and Reyes Paz failed to demonstrate changed circumstances in Guatemala to qualify for the regulatory exception to the time limit for filing motions to reopen, see 8 C.F.R. § 1003.2(c)(3)(h); see also Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”).
Reyes Paz contends that the BIA violated his due process rights to a fair hearing because it did not allow Reyes Paz to present evidence of changed circumstances nor did the BIA consider new facts. The claim fails because Reyes Paz did not demonstrate any error in the BIA’s denial of the motion to reopen. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and substantial prejudice to prevail on a due process violation).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.